# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br> v. <br><br> AURORA RENOVATIONS AND DEVELOPMENTS, LLC d/b/a AURORA PRO SERVICES <br><br>     Defendant. | CIVIL ACTION NO. 1:22-cv-00490 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to John McGaha and Mackenzie Saunders. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges Defendant, Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services ("Defendant"), created a religiously hostile work environment by requiring Mr. McGaha (Atheist) and Ms. Saunders (Agnostic) to attend daily Christian prayer meetings ("prayer meetings") as a condition of their employment. When Mr. McGaha requested to be excused from the daily prayer meetings, Defendant failed to accommodate his religious beliefs (Atheist) and retaliated against him by reducing his wages. Defendant ultimately terminated the employment of both Mr. McGaha and Ms. Saunders on the basis of their religious beliefs, Atheist and

1

Agnostic respectively, and in retaliation for their opposition to the prayer meetings.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Defendant, a North Carolina LLC, has continuously been doing business in the State of North Carolina and the City of Greensboro and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Mr. McGaha and

Ms. Saunders filed charges with the Commission alleging violations of Title VII by Defendant.

8. By letter dated January 6, 2022, the Commission notified Defendant that the Commission found reasonable cause to believe that Defendant violated Title VII and invited Defendant to join with the Commission in informal methods of conciliation to eliminate the unlawful employment practices and obtain appropriate relief.

9. By letter dated March 8, 2022, the Commission notified Defendant that conciliation efforts had failed because the parties were unable to reach an agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 above. Unless otherwise stated, the relevant time frame for the following allegations is from June 2020 through January 2021.

12. Defendant is a residential service contractor that provides roofing, plumbing, heating and air conditioning, and electrical services.

13. As part of Defendant's business model, Defendant's owner conducted daily prayer meetings.

14. Attendance at the prayer meetings was mandatory for employees and was a condition of employment regardless of the employee's own religious beliefs or affiliations.

15. During the prayer meetings, employees stood in a circle, while the owner and others read Bible scripture and Christian devotionals.

16. Additionally, the owner and/or one of its agents led employees in Christian prayer and solicited prayer requests from employees.

17. Prayers were sometimes requested and offered for poor performing employees, who were identified by name.

18. The prayer meetings also briefly addressed business matters at the close, but the meetings were primarily religious in nature.

19. Mr. McGaha worked for Defendant as a Construction Manager from June 8, 2020 until September 4, 2020.

20. Mr. McGaha is Atheist, which is sincere and religious from his own perspective.

21. Atheism is a school of thought that takes a position on religion, the existence and importance of a supreme being, and a code of ethics.

22. During Mr. McGaha's employment, the prayer meetings initially lasted approximately between ten (10) and fifteen (15) minutes.

23. During Mr. McGaha's employment, the prayer meetings increased in length and by August 2020, the prayer meetings lasted approximately forty-five (45) minutes, sometimes longer.

24. Ms. Saunders is Agnostic, which is sincere and religious from her own perspective.

25. Agnosticism is a school of thought that takes a position on religion, the inability to ascertain the existence of deities, and a code of ethics.

26. Ms. Saunders worked for Defendant as a Customer Service Representative

4

from around November 2020 to January 21, 2021.

27. During Ms. Saunders' employment with Defendant, the prayer meetings initially lasted approximately twenty (20) minutes but increased in duration over time.

28. During Ms. Saunders' employment, the owner took attendance to determine which employees were present for the daily prayer meetings.

29. During Ms. Saunders' employment, the owner, on behalf of the Defendant reprimanded employees who did not attend the daily prayer meetings.

## COUNT I:
### *Violation of Title VII*
### *Failure to Provide Religious Accommodation (Mr. McGaha)*

30. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above.

31. Since at least August 2020, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), by failing or refusing to reasonably accommodate the religious beliefs of Mr. McGaha.

32. Mr. McGaha is Atheist and does not believe in any higher power.

33. Mr. McGaha's beliefs are sincere.

34. Defendant's prayer meetings conflicted with Mr. McGaha's sincerely held religious beliefs, Atheism.

35. Mr. McGaha initially attended the prayer meetings, but as the meetings grew more religious in nature and longer in duration, they became less tolerable for Mr. McGaha due to the religious conflict.

36. On one occasion, the owner asked Mr. McGaha to lead the Christian prayer,

5

which he declined.

37. On or about Friday August 28, 2020, Mr. McGaha privately asked the owner to be excused from attending portions of the daily prayer meetings that pertained to religion because it conflicted with his personal religious beliefs, Atheism.

38. Mr. McGaha's request for religious accommodation was reasonable.

39. However, Defendant denied the request, stating to Mr. McGaha that all employees were required to participate in the prayer meetings, and that it would be in his "best interest" to do so.

40. Defendant did not offer any other accommodation for Mr. McGaha.

41. During the prayer meeting on or about September 4, 2020, Mr. McGaha renewed his request for religious accommodation, asking to be excused from the Christian portion of the meeting.

42. The owner, on behalf of Defendant, again denied the request, stating to Mr. McGaha that he did not have to believe in God, and he did not have to like the prayer meetings, but he had to participate.

43. Mr. McGaha refused to participate in the prayer meeting, and Defendant terminated his employment.

44. The practices complained of above are unlawful and in violation of Title VII.

45. The practices complained of above have deprived Mr. McGaha of equal employment opportunities and otherwise adversely affect his status as employee because of his religion.

46. The practices complained of above were willful and intentional.

47. The practices complained of above were conducted with malice and with reckless indifference to Mr. McGaha's federally protected rights.

## COUNT II:
### *Violation of Title VII*
### *Discriminatory Discharge (Mr. McGaha and Ms. Saunders)*

48. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47 above.

49. On or about September 4, 2020 and on or about January 21, 2021, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), when it discharged Mr. McGaha and Ms. Saunders, respectively, on the basis of religion.

50. Mr. McGaha was terminated because of his religion, Atheism, and because of his failure to conform to Defendant's religious practices based on Christianity.

51. At all times of his employment, Mr. McGaha's job performance was satisfactory.

52. Ms. Saunders was terminated because of her religion, Agnostic, and because of her failure to conform to Defendant's religious practices based on Christianity.

53. At all times of her employment, Ms. Saunders' job performance was satisfactory.

54. The practices complained of above are unlawful and in violation of Title VII.

55. The practices complained of above have deprived Mr. McGaha and Ms. Saunders of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

56. The practices complained of above were willful and intentional.

57. The practices complained of above were conducted with malice and with reckless indifference to Mr. McGaha's and Ms. Saunders' federally protected rights.

**COUNT III:**
*Violation of Title VII*
*Hostile Environment Based on Religion (Mr. McGaha and Ms. Saunders)*

58. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 above.

59. From as early as June 2020, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), for subjecting Mr. McGaha and Ms. Saunders to a hostile work environment constituting harassment on the basis of their religion.

60. The requirement that Mr. McGaha and Ms. Saunders attend prayers meetings on a daily basis, created a hostile work environment, based on religion.

61. The hostility experienced by Ms. McGaha and Ms. Saunders was severe and/or pervasive:

(a) Mr. McGaha recalls that at times the prayer meetings lasted over forty-five (45) minutes and were primarily religious in content. Sometimes specific employees who made mistakes at work were called out in the prayers. Mr. McGaha felt specifically targeted because of his religion (Atheism) when he was asked to lead the prayers, even though Defendant knew he did not hold Christian beliefs.

(b) Ms. Saunders similarly recalls that at times the daily prayer meetings lasted nearly an hour during which, Defendant's owner, would pray and recite

scripture from the Bible. Ms. Saunders describes the behavior as "ranting." Ms. Saunders began to feel as though the meetings became "cult-like" after the owner required everyone to recite the Catholic version of the Lord's Prayer in unison.

(c) The owner enforced the mandatory attendance and took roll before some of the prayer meetings, and Ms. Saunders witnessed the owner reprimand employees for not attending.

62. The owner's reputation around the office was that he was short-tempered and confrontational, which further exacerbated the hostile religious environment.

63. Mr. McGaha and Ms. Saunders attempted to avoid attending the prayer meetings.

64. Mr. McGaha verbally objected to the prayer meetings to the owner..

65. The owner responded by threatening Mr. McGaha's job if he did not participate in the prayer meetings, stating in the presence of the other employees: "You have to participate. If you do not participate, that is okay, you don't have to work here. You are getting paid to be here."

66. Ms. Saunders objected to the prayer meetings by simply not attending.

67. Defendant was aware that Ms. Saunders did not attend the prayer meetings because roll was taken and, on several occasions, Ms. Saunders' manager gestured to her to attend.

68. Both Mr. McGaha and Ms. Saunders were fired after they objected to Defendant's prayer meetings.

69. The practices complained of above resulted in a hostile work environment

9

because of religion.

70. The practices complained of above are unlawful and in violation of Title VII.

71. The practices complained of above have deprived Mr. McGaha and Ms. Saunders of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

72. The practices complained of above were willful and intentional.

73. The practices complained of above were conducted with malice and with reckless indifference to Mr. McGaha's and Ms. Saunders' federally protected rights.

## COUNT IV
### *Violation of Title VII*
### *Retaliatory Reduction of Wages (Mr. McGaha)*

74. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 73 above.

75. On or about September 3, 2020, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), by reducing Mr. McGaha's wages in retaliation for his opposition to the mandatory prayer meetings.

76. On or about August 28, 2020, Mr. McGaha engaged in statutorily protected activity when he informed the Defendant's owner that he wished to stop attending the daily prayer meetings because it conflicted with his religion (Atheism).

77. Defendant's owner responded that it was in Mr. McGaha's "best interest" to attend the prayer meetings.

78. On or about September 3, 2020, six days after Mr. McGaha engaged in protected activity, Mr. McGaha received an email from Defendant with a pay record

showing that his base pay was reduced from $800 per week to $400 per week – a 50% reduction in his base pay.

79. Defendant later withheld Mr. McGaha's commissions following the termination of his employment.

80. Mr. McGaha's wages were reduced in retaliation for engaging in protected activity -- objecting to attending the prayer meetings.

81. The practices complained of above are unlawful and in violation of Title VII.

82. The practices complained of above have deprived Mr. McGaha of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

83. The practices complained of above were willful and intentional.

84. The practices complained of above were conducted with malice and with reckless indifference to Mr. McGaha's federally protected rights.

**COUNT V**
*Violation of Title VII*
*Retaliatory Discharge (Mr. McGaha and Ms. Saunders)*

85. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 84 above.

86. On or about September 4, 2020 and on or about January 21, 2021, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a) by discharging Mr. McGaha and Ms. Saunders in retaliation for their opposition to the mandatory prayer meetings, which is protected activity under Title VII.

87. On or about August 28, 2020, Mr. McGaha engaged in statutorily protected

11

activity when he voiced his opposition to the mandatory, prayer meetings to Defendant's owner and requested that he not be required to attend.

88. On or about September 4, 2020, Mr. McGaha again engaged in statutorily protected activity when he objected to attending the prayer meetings because they conflicted with his religious beliefs and voiced this objection to the owner.

89. Six days after Mr. McGaha met with the owner privately and immediately after Mr. McGaha objected to attending the daily prayer meetings on September 4, 2020, Defendant terminated Mr. McGaha's employment.

90. In early January 2021, Ms. Saunders engaged in statutorily protected activity when she stopped attending the daily prayer meetings because they conflicted with her religion (Agnostic).

91. After Ms. Saunders demonstrated opposition by not attending the meetings, the owner treated her with hostility.

92. About two to three weeks after Ms. Saunders demonstrated opposition to attending the daily prayer meetings, Defendant terminated her employment. The owner told Ms. Saunders she was being discharged because she was "not a good fit" for the company.

93. The owner's explanation to Ms. Saunders is pretext for retaliation.

94. The practices complained of above are unlawful and in violation of Title VII.

95. The practices complained of above have deprived Mr. McGaha and Ms. Saunders of equal employment opportunities and otherwise adversely affect their status as employees because of they each engaged in a protected activity under Title VII.

96. The practices complained of above were willful and intentional.

97. The practices complained of above were conducted with malice and with reckless indifference to Mr. McGaha's and Ms. Saunders' federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion including the denial of reasonable accommodation.

B. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion including subjecting its employees to a religiously hostile work environment by coercing participation in daily prayer.

C. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

D. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting its employees to retaliatory treatment in violation of Title VII.

E. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all religions including, but not limited

to, Atheism and Agnosticism, and which eradicate the effects of its past and present unlawful employment practices.

F. Order Defendant to make whole John McGaha and Mackenzie Saunders by providing appropriate backpay to cover lost wages and commissions, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order the Defendant to make whole John McGaha and Mackenzie Saunders whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above.

H. Order the Defendant to make whole John McGaha and Mackenzie Saunders whole by providing compensation for past nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, humiliation, insomnia, depression, religious insecurity, and emotional distress, in amounts to be determined at trial.

I. Order Defendant to pay John McGaha and Mackenzie Saunders punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

14

Case 1:22-cv-00490   Document 1   Filed 06/27/22   Page 14 of 15

Respectfully submitted this 27th day of June 2022.

|  |  |
|---|---|
| | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
| GWENDOLYN YOUNG REAMS<br>Acting General Counsel<br>131 M Street, NE<br>Washington, D.C. 20507 | CHRISTOPHER LAGE<br>Deputy General Counsel |
| MELINDA C. DUGAS<br>Regional Attorney | YLDA KOPKA<br>Supervisory Trial Attorney |
| | */s/ Mary Kate Littlejohn*<br>SC Federal Bar Number: 13690<br>SC State Bar Number: 103348<br>**ATTORNEY FOR PLAINTIFF**<br>Greenville Local Office<br>301 N. Main St, Suite 1402<br>Greenville, SC 29601<br>Phone: (864) 565-0353<br>Email: mary.littlejohn@eeoc.gov |