UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| JOHN MCGAHA, ) | |
| ) | |
| Intervenor, ) | |
| v. ) | Case No.: 1:22-cv-00490 |
| ) | |
| AURORA RENOVATIONS AND ) | |
| DEVELOPMENTS, LLC. d/b/a, ) | |
| AURORA PRO SERVICES, ) | |
| ) | |
| Defendant. ) | |

**INTERVENOR'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Intervenor, JOHN MCGAHA ("Intervenor" or "McGaha"), and files his Complaint against Defendant, AURORA RENOVATIONS AND DEVELOPMENTS, LLC d/b/a AURORA PRO SERVICES, ("Defendant" or "Aurora") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to redress Defendant's unlawful employment practices against Intervenor, including Defendant's unlawful discrimination, and retaliation against Intervenor because of his religion.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

1

and 1345. This action is authorized and instituted pursuant to Sections 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## THE PARTIES

4. Intervenor is a citizen of the United States, and was at all times material, a resident of the state of North Carolina.

5. Defendant, a North Carolina corporation, has continuously been doing business in the State of North Carolina and the City of Greensboro.

6. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

7. Intervenor has complied with all statutory prerequisites to filing this action.

8. On October 19, 2020, Intervenor filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based religion, and retaliation.

9. Intervenor's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

10. On January 6, 2022, the EEOC notified Defendant of the determination that the EEOC had reasonable cause to believe that Defendant violated Title VII.

11. The Parties engaged in conciliation but were unable to reach an agreement.

12. All conditions precedent to the filing of this Intervenor's Complaint have been fulfilled.

## FACTS

13. Defendant is a residential service contractor that provides roofing, plumbing, heating and air conditioning, and electrical services.

14. As part of Defendant's business model, Defendant's owner conducted daily prayer meetings.

15. During the prayer meetings, employees stood in a circle, while the owner and others read Bible scripture and Christian devotionals.

16. Additionally, the owner and/or one of its agents led employees in Christian prayer and solicited prayer requests from employees.

17. Prayers were sometimes requested and offered for poor performing employees, who were identified by name.

18. The prayer meetings also briefly addressed business matters at the close, but the meetings were primarily religious in nature.

19. Intervenor worked for Defendant as a Construction Manager from June 8, 2020 until September 4, 2020.

20. Intervenor is Atheist, which is sincere and religious from his own perspective.

21. Atheism is a school of thought that takes a position on religion, the existence and importance of a supreme being, and a code of ethics.

22. During Intervenor's employment, the prayer meetings initially lasted approximately between ten (10) and fifteen (15) minutes.

23. During Intervenor's employment, the prayer meetings increased in length and by August 2020, the prayer meetings lasted approximately forty-five (45) minutes, sometimes longer.

**Count I:**
**Failure to Provide Religious Accommodation in**

## Violation of Title VII

24. Intervenor re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23 above.

25. Since at least August 2020, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), by failing or refusing to reasonably accommodate the religious beliefs of Intervenor.

26. Intervenor is Atheist and does not believe in any higher power.

27. Intervenor's beliefs are sincere.

28. Defendant's prayer meetings conflicted with Intervenor's sincerely held religious beliefs, Atheism.

29. Intervenor initially attended the prayer meetings, but as the meetings grew more religious in nature and longer in duration, they became less tolerable for Intervenor due to the religious conflict.

30. On one occasion, the owner asked Intervenor to lead the Christian prayer, which he declined.

31. On or about Friday August 28, 2020, Intervenor privately asked the owner to be excused from attending portions of the daily prayer meetings that pertained to religion because it conflicted with his personal religious beliefs, Atheism.

32. Intervenor's request for religious accommodation was reasonable.

33. However, Defendant denied the request, stating to Intervenor that all employees were required to participate in the prayer meetings, and that it would be in his "best interest" to do so.

34. Defendant did not offer any other accommodation for Intervenor.

35. During the prayer meeting on or about September 4, 2020, Intervenor renewed his

request for religious accommodation, asking to be excused from the Christian portion of the meeting.

36. The owner, on behalf of Defendant, again denied the request, stating to Intervenor that he did not have to believe in God, and he did not have to like the prayer meetings, but he had to participate.

37. Intervenor refused to participate in the prayer meeting, and Defendant terminated his employment.

38. The practices complained of above are unlawful and in violation of Title VII.

39. The practices complained of above have deprived Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of his religion.

40. The practices complained of above were willful and intentional.

41. The practices complained of above were conducted with malice and with reckless indifference to Intervenor's federally protected rights.

## Count II:
## Discriminatory Discharge in Violation of Title VII

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23 above.

43. On or about September 4, 2020, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), when it discharged Intervenor on the basis of religion.

44. Intervenor was terminated because of his religion, Atheism, and because of his failure to conform to Defendant's religious practices based on Christianity.

45. At all times of his employment, Intervenor's job performance was satisfactory.

46. The practices complained of above are unlawful and in violation of Title VII.

47. The practices complained of above have deprived Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of his religion.

48. The practices complained of above were willful and intentional.

49. The practices complained of above were conducted with malice and with reckless indifference to Intervenor's federally protected rights.

## Count III:
## Hostile Work Environment Based on Religion in Violation of Title VII

50. Intervenor re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23 above.

51. From as early as June 2020, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), for subjecting Intervenor to a hostile work environment constituting harassment on the basis of his religion.

52. The requirement that Intervenor attend prayers meetings on a daily basis, created a hostile work environment, based on religion.

53. The hostility experienced by Intervenor was severe and/or pervasive.

54. Intervenor recalls that at times the prayer meetings lasted over forty-five (45) minutes and were primarily religious in content.

55. Sometimes specific employees who made mistakes at work were called out in the prayers.

56. Intervenor felt specifically targeted because of his religion (Atheism) when he was asked to lead the prayers, even though Defendant knew he did not hold Christian beliefs.

57. The owner's reputation around the office was that he was short-tempered and confrontational, which further exacerbated the hostile religious environment.

58. Intervenor attempted to avoid attending the prayer meetings.

6

Case 1:22-cv-00490-LCB-JLW   Document 8   Filed 07/25/22   Page 6 of 10

59. Intervenor verbally objected to the prayer meetings to the owner.

60. The owner responded by threatening Intervenor's job if he did not participate in the prayer meetings, stating in the presence of the other employees: "You have to participate. If you do not participate, that is okay, you don't have to work here. You are getting paid to be here."

61. Intervenor was fired after he objected to Defendant's prayer meetings.

62. The practices complained of above resulted in a hostile work environment because of religion.

63. The practices complained of above are unlawful and in violation of Title VII.

64. The practices complained of above have deprived Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because of his religion.

65. The practices complained of above were willful and intentional.

66. The practices complained of above were conducted with malice and with reckless indifference to Intervenor's federally protected rights.

## Count IV:
## Retaliatory Reduction of Wages in Violation of Title VII

67. Intervenor re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23 above.

68. On or about September 3, 2020, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), by reducing Intervenor's wages in retaliation for his opposition to the mandatory prayer meetings.

69. On or about August 28, 2020, Intervenor engaged in statutorily protected activity when he informed the Defendant's owner that he wished to stop attending the daily prayer meetings because it conflicted with his religion (Atheism).

70. Defendant's owner responded that it was in Intervenor's "best interest" to attend

the prayer meetings.

71. On or about September 3, 2020, six days after Intervenor engaged in protected activity, Intervenor received an email from Defendant with a pay record showing that his base pay was reduced from $800 per week to $400 per week – a 50% reduction in his base pay.

72. Defendant later withheld Intervenor's commissions following the termination of his employment.

73. Intervenor's wages were reduced in retaliation for engaging in protected activity -- objecting to attending the prayer meetings.

74. The practices complained of above are unlawful and in violation of Title VII.

75. The practices complained of above have deprived Intervenor of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

76. The practices complained of above were willful and intentional.

77. The practices complained of above were conducted with malice and with reckless indifference to Intervenor's federally protected rights.

## Count V:
## Retaliatory Discharge in Violation of Title VII

78. Intervenor re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23 above.

79. On or about September 4, 2020 Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a) by discharging Intervenor in retaliation for his opposition to the mandatory prayer meetings, which is protected activity under Title VII.

80. On or about August 28, 2020, Intervenor engaged in statutorily protected activity when he voiced his opposition to the mandatory, prayer meetings to Defendant's owner and

requested that he not be required to attend.

81. Six days after Intervenor met with the owner privately and immediately after Intervenor objected to attending the daily prayer meetings on September 4, 2020, Defendant terminated Intervenor's employment.

82. The practices complained of above are unlawful and in violation of Title VII.

83. The practices complained of above have deprived Intervenor of equal employment opportunities and otherwise adversely affect his status as employee because he engaged in a protected activity under Title VII.

84. The practices complained of above were willful and intentional.

85. The practices complained of above were conducted with malice and with reckless indifference to Intervenor's federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
North Carolina Attorney Registration No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*