IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:22-cv-00490-LCB-JLW

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AURORA RENOVATIONS AND DEVELOPMENTS, LLC d/b/a AURORA PRO SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ANSWER TO EEOC COMPLAINT** |

NOW COMES Defendant Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services ("Defendant" or "Aurora"), and hereby files its Answer to the Complaint ("Complaint") filed by the Equal Employment Opportunity Commission ("EEOC") as follows:

## NATURE OF THE ACTION

This paragraph consists of an unnumbered introductory statement to which no response is required. To the extent a response is required, Aurora denies the allegations and any inference of wrongdoing or liability contained in the paragraph labeled "Nature of the Action" in the EEOC's Complaint.

## JURISDICTION AND VENUE

1.      Paragraph 1 contains a statement of jurisdiction to which no response is required. To the extent a response is required, Aurora admits that Plaintiff purports that this Court has federal question jurisdiction over the allegations in the EEOC's Complaint.

2.     Paragraph 2 contains allegations and references to statutes that authorize the EEOC to file suits under Title VII and to which no response is required. To the extent a response is required, Aurora admits that the EEOC is authorized to file litigation and the referenced statutes speak for themselves and are the best evidence of the contents thereof.

3.     Defendant admits that the Complaint alleges that the employment practices referenced therein occurred within the jurisdiction of this Court. Except as admitted herein, the remaining allegations in Paragraph 3 of the Complaint are denied.

<u>PARTIES</u>

4.     Defendant admits that the EEOC is the agency charged with the administrative, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant further submits that the statutes referenced in Paragraph 4 are the best evidence of the contents thereof and speak for themselves.  Defendant denies all remaining allegations of Paragraph 4 of the Complaint.

5.     Defendant admits that it has done business in the State of North Carolina and in the City of Greensboro. Defendant further admits that it employed at least fifteen employees throughout the employment of Mr. McGaha and Ms. Saunders. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.     Defendant submits that Paragraph 6 of the Complaint contains a legal conclusion and, as such, no response is required. To the extent any response is required, Defendant submits that it is in a business that affects commerce and the statutes cited in

Paragraph 6 are the best evidence of the contents thereof and speak for themselves. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

**ADMINISTRATIVE PROCEDURES**

7.     Defendant admits that Mr. McGaha and Ms. Saunders filed charges with the EEOC prior to the institution of this lawsuit.  Defendant submits that those charges are the best evidence of the contents thereof and speak for themselves. Except as herein admitted, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Defendant admits that it received a letter dated January 6, 2022, from the EEOC and submits that the letter speaks for itself and is the best evidence of the contents thereof. Except as admitted herein, the allegations in Paragraph 8 are denied.

9.     Defendant admits that it received a letter dated March 8, 2022. Defendant submits that the letter speaks for itself and is the best evidence of the contents thereof. As such, Defendant denies the remaining allegations of Paragraph 9.

10.     Defendant submits that Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that charges were filed, an investigation ensued, the EEOC reached a conclusion to its administrative review, and advised Defendant of its findings. Except as herein admitted, Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

## STATEMENT OF CLAIMS

11.    All responses contained in Paragraphs 1 through 10 are re-alleged and incorporated herein by reference. Further, Defendant denies that unlawful actions occurred in the time frame from June 2020 to January 2021.

12.    Defendant admits that some of the services it provides as a residential service contractor include roofing, plumbing, heating, air conditioning, and electrical services. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    Defendant admits that it conducted daily or near-daily work meetings and that such meetings could involve a voluntary prayer portion ("prayer portion" or "voluntary prayer portion"). It is further admitted that at times the owner led the voluntary prayer portion of the meeting. Except as herein admitted, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    Defendant denies the allegations in Paragraph 14 of the Complaint.

15.    Defendant admits that during the voluntary prayer portion of the daily meetings, employees who wished to participate could, at times, form a circle while someone led a prayer, shared devotionals, or called for a moment of reflection. Except as admitted herein, the allegations in Paragraph 15 are denied.

16.    Defendant admits that its owner or other employees led prayers during the voluntary prayer portion of the daily meetings for employees who wished to participate. Defendant further admits that its owner or employees invited any employee who wished to

do so, to make a prayer request. Except as admitted herein, the allegations in Paragraph 16 are denied.

17.     Defendant admits that prayers were sometimes requested by the employees or for the employees during the prayer portion of the daily meetings. Except as admitted herein, the allegations in Paragraph 17 are denied.

18.     The allegations in Paragraph 18 of the Complaint are denied.

19.     Defendant admits the allegations in Paragraph 19 of the Complaint.

20.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21.     Defendant lacks knowledge and information sufficient to form a belief that a concept such as atheism is capable of being accurately described in one sentence by the EEOC and therefore denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant admits that during Mr. McGaha's employment, the prayer portion of Aurora's daily meetings and the meetings themselves varied in length. Except as admitted herein, the allegations in Paragraph 22 are denied.

23.     Defendant admits that during Mr. McGaha's employment, the prayer portion of Aurora's daily meetings and the meetings themselves varied in length. Except as admitted herein, the allegations in Paragraph 23 are denied.

24.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.     Defendant lacks knowledge and information sufficient to form a belief that a concept such as agnosticism is capable of being accurately described in one sentence by the EEOC and therefore denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations in Paragraph 26 of the Complaint.

27.     Defendant admits that during Ms. Saunders' employment, the prayer portion of Aurora's daily meetings and the daily meetings themselves varied in length. Except as admitted herein, the allegations in Paragraph 27 are denied.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

## COUNT 1
### *Violation of Title VII*
### *Failure to Provide Religious Accommodation (Mr. McGaha)*

30.     All responses contained in Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant denies that the prayer portion of its daily meetings conflicted with any employee's beliefs because the prayer portion was voluntary. Further, Defendant lacks knowledge and information sufficient to form a belief as to the sincerity of any of Mr. McGaha's beliefs and therefore denies all remaining allegations of Paragraph 34.

35.     Defendant admits that Mr. McGaha voluntarily attended the prayer portion of its daily meetings. Defendant denies that the prayer portion of its daily meetings grew more religious or in length. Further, Defendant lacks knowledge and information sufficient to form a belief as to whether Mr. McGaha grew intolerant of the prayer portions he voluntarily attended. Except as admitted herein, the remaining allegations in Paragraph 35 are denied.

36.     Defendant denies that it specifically and/or without prompting or reason asked Mr. McGaha to lead a prayer. Except as admitted herein, the allegations in Paragraph 36 are denied.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies that it failed to offer Mr. McGaha any accommodation upon request or failed to provide alternatives to not attending the voluntary prayer portion

of the meetings. Except as herein admitted, all remaining allegations of Paragraph 40 of the Complaint are denied.

41.     Defendant admits that on September 4, 2020, Mr. McGaha loudly interrupted its owner's prayer and objected to the fact that the owner was the one reading it but did not object to the Christian portion of the meeting. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 41.

42.     Defendant denies that Mr. McGaha submitted a request for a religious accommodation. Further, Defendant admits that its owner informed Mr. McGaha that he was not required to believe in God and that employees did not have to attend the prayer portion of the daily meetings. Defendant admits that it told Mr. McGaha that he had to participate in the business portions of the daily meetings. Furthermore, it was expected for those who voluntarily participated in the prayer portion to do so in a non-combative and respectful manner. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the implication that Mr. McGaha was terminated for refusing to participate in the prayer portion of the meeting, but admits that Mr. McGaha's employment ended. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

8

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

**COUNT II**
*Violation of Title VII*
*Discriminatory Discharge (Mr. McGaha and Ms. Saunders)*

48.     All responses contained in Paragraphs 1 through 47 are re-alleged and incorporated herein by reference.

49.     Defendant admits that Mr. McGaha's employment ended on or about September 4, 2020, and that Ms. Saunders' employment ended on or about January 21, 2021. Except as admitted herein, Defendant denies the remaining allegations and inferences of unlawful conduct contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

**COUNT III:**
*Violation of Title VII*
*Hostile Environment Based on Religion (Mr. McGaha and Ms. Saunders)*

58.     All responses contained in Paragraphs 1 through 57 are re-alleged and incorporated herein by reference.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in the introductory clause in Paragraph 61 of the Complaint:

> a.      Defendant admits that the daily work meetings, inclusive of the voluntary prayer portion, varied in length. Defendant further admits that prayer requests for and by individual employees were honored. Except as herein admitted, Defendant denies all remaining allegations in Paragraph 61 (a) of the Complaint.

> b.      Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of Ms. Saunders' opinion and characterization of the voluntary prayer portion of Aurora's daily meetings. Further, Defendant admits that its owner would pray and recite scripture and that sometimes the employees who chose to participate in the prayers recited the Lord's Prayer. Except as admitted herein, Defendant denies the allegations in Paragraph 61 (b) of the Complaint.

> c.      Defendant is without sufficient information to form a belief as to whether Ms. Saunders witnessed employees being disciplined, but denies that it would have been for failing to attend the voluntary

prayer portion of the meetings. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 61 (c) of the Complaint.

62.     Upon information and belief, Defendant's owner does not have a reputation around the office of being short-tempered and confrontational. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of Mr. McGaha and/or Ms. Saunders' attempts to avoid attending the prayer portion of its daily meetings and therefore denies the allegations of Paragraph 63 of the Complaint.

64.     Defendant admits that on or about his last day of employment, Mr. McGaha objected in a disruptive, inappropriate, and unprofessional, and uncordial manner to the person leading the prayer portion of its daily meetings. Except as admitted, Defendant denies the remaining allegations in Paragraph 64.

65.     Defendant denies that its employees were required to attend the prayer portion of its daily meetings. Defendant admits that those who were present for the voluntary prayer portion of the meeting were required to remain respectful. Defendant further admits that employees were paid while attending the daily meetings, inclusive of the voluntary prayer portion, and while participating, were required to be professional in their participation including remaining quiet while others spoke, respectful and non-disruptive. Except as admitted herein, Defendant denies the allegations in Paragraph 65 of the Complaint.

11

66. Defendant admits that Ms. Saunders could exercise her right to not attend the voluntary prayer portion of its daily meetings, but it lacks knowledge and information sufficient to form a belief as to why Ms. Saunders did not attend, if she in fact, did not attend the voluntary prayer portion. Except as admitted herein, defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

### COUNT IV
### Violation of Title VII
### Retaliatory Reduction of Wages (Mr. McGaha)

74. All responses contained in Paragraphs 1 through 73 are re-alleged and incorporated herein by reference.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant admits that it reduced Mr. McGaha's wages pursuant to an agreement with Mr. McGaha to pay back commissions that Mr. McGaha inappropriately

credited to himself. Except as admitted herein, Defendant denies the allegations in Paragraph 78 of the complaint.

79.     Defendant admits that it withheld the unearned and inappropriately credited commission payments which resulted in an improper pay advance to Mr. McGaha. Except as admitted herein, Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

**COUNT V**
*Violation of Title VII*
*Retaliatory Discharge (Mr. McGaha and Ms. Saunders)*

85.     All responses contained in Paragraphs 1 through 84 are re-alleged and incorporated herein by reference.

86.     Defendant admits that Mr. McGaha's employment ended on or about September 4, 2020, and that Ms. Saunders' employment ended on or about January 21, 2021. Except as admitted herein, Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant admits that on or about September 4, 2020, Mr. McGaha objected to the person leading the prayer portion of its daily meetings, but not to the content. Except

as admitted herein, Defendant denies the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendant admits that Mr. McGaha's employment was terminated on September 4, 2020. Except as admitted herein, Defendant denies the remaining allegations in Paragraph 89 of the Complaint.

90.     Defendant lacks knowledge and information sufficient to form a belief as to whether Ms. Saunders attended the voluntary prayer portion of the daily work meetings, and, therefore, denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant admits that it terminated Ms. Saunders' employment due to unsatisfactory performance. Defendant further admits that it shared with Ms. Saunders the reason Ms. Saunders' employment was ending which was wholly unrelated to whether she did or did not attend the voluntary prayer portion of the meetings. Except as admitted herein, Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

## FURTHER DENIAL

Defendant expressly denies all other allegations of or implications included in the Complaint not otherwise responded to above. Defendant further denies that the EEOC, Mr. McGaha, and/or Ms. Saunders are entitled to any of the relief requested in the Complaint.

## DEFENSES

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, some defenses to the claim or claims made in the Complaint may be asserted alternatively and, in some cases, hypothetically, regardless of their consistency, and these defenses are based on both legal and equitable grounds. As the facts related to the parties' claims and defenses are fully developed through discovery, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the applicable rules and case management order.

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted by this Court.

## SECOND DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to contain a short and plain statement of the claim and a demand for relief as required by Rule 8(a) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Mr. McGaha and/or Ms. Saunders failed to file a timely administrative complaint and/or failed to comply with other applicable jurisdictional prerequisites to the filing of a civil lawsuit.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the issues and allegations in the Complaint exceed the scope of any applicable administrative proceedings.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the issues and allegations in the Complaint are not reasonably related to the allegations in any applicable administrative proceedings initiated by Plaintiff, Mr. McGaha, and/or Ms. Saunders.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent any applicable administrative agency failed to comply with its procedures for processing Mr. McGaha and/or Ms. Saunders' administrative complaint.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Mr. McGaha and/or Ms. Saunders failed to exhaust all of their administrative remedies.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff, Mr. McGaha, and/or Ms. Saunders failed to comply with all conditions precedent to the institution of this civil action.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior, and Mr. McGaha and/or Ms. Saunders unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid harm.

## ELEVENTH DEFENSE

To the extent Defendant engaged in any adverse employment actions with respect to Mr. McGaha and/or Ms. Saunders, such actions were based upon legitimate non-discriminatory and non-retaliatory business reasons.

## TWELFTH DEFENSE

To the extent Plaintiff establishes that Mr. McGaha and/or Ms. Saunders' religious beliefs or other protected characteristics or engagement in protected activity were motivating factors in any employment decision made by Defendant (which is denied),

17

Plaintiff's discrimination claims are nonetheless barred as Defendant would have made the same decision in the absence of any impermissible motivating factor.

## THIRTEENTH DEFENSE

Any claim for damages is barred in whole or in part to the extent Mr. McGaha and/or Ms. Saunders failed to exercise reasonable diligence to mitigate their damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent the doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in the Complaint and any damages Mr. McGaha and/or Ms. Saunders allegedly sustained.

## SIXTEENTH DEFENSE

Any claims for compensatory and punitive damages are subject to and limited by the applicable provisions of 42 U.S.C. § 1981a(b).

## SEVENTEENTH DEFENSE

Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Mr. McGaha and/or Ms. Saunders.

## EIGHTEENTH DEFENSE

Any claim for punitive damages is barred because Defendant did not engage in discriminatory practices with malice or reckless indifference to the rights of Mr. McGaha and/or Ms. Saunders.

## NINETEENTH DEFENSE

Any claim for punitive damages is barred to the extent that any wrongful conduct was contrary to Defendant's good faith efforts to comply with applicable law and statutes. At all times material to this action, Defendant acted in good faith, including but not limited to, implementing and maintaining adequate policies, practices, and procedures to prevent and remedy unlawful discrimination in the workplace, and did nothing that would justify an award of punitive damages.

## TWENTIETH DEFENSE

Any claim for punitive damages is limited by and subject to the applicable provisions of the Constitution of the United States and the North Carolina State Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's, Mr. McGaha's, and/or Ms. Saunders' claims should be denied to the extent Mr. McGaha and/or Ms. Saunders failed to engage in protected activity.

## TWENTY-SECOND DEFENSE

Plaintiff's, Mr. McGaha's, and/or Ms. Saunders' claims should be denied to the extent there was not causal link between any alleged protective activity and adverse employment action.

## TWENTY-THIRD DEFENSE

Plaintiff's, Mr. McGaha's, and/or Ms. Saunders' claims should be denied to the extent that Mr. McGaha and/or Ms. Saunders did not request a reasonable accommodation and/or failed to engage in the interactive process regarding available accommodations.

## TWENTY-FOURTH DEFENSE

Plaintiff's, Mr. McGaha's, and/or Ms. Saunders' claims should be denied to the extent that Defendant was unaware of Mr. McGaha's and/or Ms. Saunders' religious beliefs, or lack thereof, objection to any prayer portion of the daily meetings, or any requests for accommodation.

## TWENTY-FIFTH DEFENSE

Plaintiff's, Mr. McGaha's, and/or Ms. Saunders' claims should be denied to the extent that Mr. McGaha or Ms. Saunders did not find any prayer portion of the daily meetings to be unwelcome.

## TWENTY-SIXTH DEFENSE

In the event that investigation or discovery reveals additional conduct by Mr. McGaha and/or Ms. Saunders that would have caused Defendant to terminate their

employment for cause, Defendant will rely upon that after-acquired evidence as a limitation upon Plaintiff's damages.

## **RESERVATION OF RIGHTS**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant respectfully prays that:

1.     Plaintiff have and recover nothing of Defendant, and that it not be afforded any form of legal or equitable relief;

2.     John McGaha have and recover nothing of Defendant, and that he not be afforded any form of legal or equitable relief;

3.     Mackenzie Saunders have and recover nothing of Defendant, and that she not be afforded any form of legal or equitable relief;

4.     The Court dismiss Plaintiff's claims with prejudice;

5.     The Court require Plaintiff to pay to Defendant its costs and expenses, including reasonable attorneys' fees, incurred in the defense of this action; and

6.     The Court award to Defendant such other and further relief as the Court deems just and proper.

This the 26th day of August, 2022.

/s/ Kristine M. Sims
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
J. Rodrigo Pocasangre
NC State Bar No. 41530
Email:  rpocasangre@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this **DEFENDANT'S ANSWER TO EEOC COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 26th day of August, 2022.

<u>/s/ Kristine M. Sims</u>
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendant*

8532340v1