IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:22-cv-00490-LCB-JLW

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> JOHN MCGAHA, ) <br> ) <br> Intervenor, ) <br> ) <br> v. ) <br> ) <br> AURORA RENOVATIONS AND ) <br> DEVELOPMENTS, LLC d/b/a ) <br> AURORA PRO SERVICES, ) <br> ) <br> Defendant. ) | **DEFENDANT'S ANSWER TO INTERVENOR'S COMPLAINT** |

NOW COMES Defendant Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services ("Defendant" or "Aurora"), and hereby files its Answer to the Intervenor Complaint with Demand for Jury Trial ("Intervenor Complaint") filed by Intervenor John McGaha ("Intervenor" or "McGaha") as follows:

## NATURE OF THE CLAIMS

1. Paragraph 1 consists of the statutes under which the Intervenor Complaint brings its purported causes of action and to which no response is required. To the extent a response is required, Defendant denies that it engaged in any unlawful employment practices or any statute cited under Paragraph 1 of the Intervenor Complaint that entitle McGaha to any relief sought in the Intervenor's Complaint and further submits that the referenced statutes speak for themselves.

## JURISDICTION AND VENUE

2. Paragraph 2 contains a statement of jurisdiction to which no response is required. To the extent a response is required, Defendant admits that Intervenor purports that this Court has federal question jurisdiction over the allegations in the Intervenor Complaint.

3. Defendant admits that the Intervenor Complaint alleges that the employment practices referenced therein occurred within the jurisdiction of this Court. Except as admitted herein, the remaining allegations in Paragraph 3 of the Intervenor Complaint are denied.

## THE PARTIES

4. Under information and belief, the allegations in Paragraph 4 of the Intervenor Complaint are admitted.

5. Defendant admits that it is a limited liability company that engages in business in North Carolina and in the City of Greensboro. Except as admitted herein, the allegations in Paragraph 5 of the Intervenor Complaint are denied.

6. Defendant admits that it employs several people. Defendant submits that the statutes cited in the Intervenor complaint speak for themselves and are the best evidence of the contents thereof. Defendant further submits that Paragraph 6 contains a legal conclusion to which no response is necessary. To the extent any response is necessary, Defendant responds as follows, except as admitted herein, the allegations in Paragraph 6 of the Intervenor Complaint are denied.

## PROCEDURAL REQUIREMENTS

7. Paragraph 7 of the Intervenor complaint contains a legal conclusion to which no response is necessary. To the extent any response is necessary, Defendant denies the allegations of Paragraph 7 of the Intervenor complaint.

8. Defendant admits that McGaha filed Charge No. 430-2021-00197 with the Equal Employment Opportunity Commission ("EEOC") on October 19, 2020. Defendant submits that the EEOC charge is the best evidence of the contents thereof and speak for themselves. Except as admitted herein, the allegations in Paragraph 8 on the Intervenor Complaint are denied.

9. Defendant admits that McGaha filed Charge No. 430-2021-00197 with the EEOC on October 19, 2020. Except as admitted herein, the allegations in Paragraph 9 of the Intervenor Complaint are denied.

10. Defendant admits that it received a letter dated January 6, 2022, from the EEOC and submits that the letter speaks for itself and is the best evidence of the contents thereof. Except as admitted herein, the allegations in Paragraph 10 of the Intervenor Complaint are denied.

11. Defendant admits the allegations in Paragraph 11 of the Intervenor Complaint.

12. Paragraph 12 of the Intervenor Complaint contains a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies the allegations of Paragraph 12 of the Intervenor Complaint.

## FACTS

13. Defendant admits that some of the services it provides as a residential service contractor include roofing, plumbing, heating, air conditioning, and electrical services. Except as admitted herein, the allegations in Paragraph 13 of the Intervenor Complaint are denied.

14. Defendant admits that it conducted daily, or near-daily, work meetings and that such meetings could involve a voluntary prayer portion ("prayer portion" or "voluntary prayer portion"). It is further admitted that at times the owner led the voluntary prayer portion of the meeting. Except as admitted herein, the allegations in Paragraph 14 of the Intervenor Complaint are denied.

15. Defendant admits that during the voluntary prayer portion of the daily meetings, employees who wished to participate would, at times, form a circle while someone led a prayer, shared devotionals, or called for a moment of reflection. Except as admitted herein, the allegations in Paragraph 15 of the Intervenor Complaint are denied.

16. Defendant admits that its owner or other employees led prayers during the voluntary prayer portion of the daily meetings for employees who wished to participate. Defendant further admits that its owner or employees invited any employee who wished to do so to make a prayer request. Except as admitted herein, the allegations in Paragraph 16 of the Intervenor Complaint are denied.

17. Defendant admits that prayers were sometimes requested by the employees or for the employees during the prayer portion of the daily meetings. Except as admitted herein, the allegations in Paragraph 17 of the Intervenor Complaint are denied.

18. The allegations in Paragraph 18 of the Intervenor Complaint are denied.

19. Defendant admits the allegations in Paragraph 19 of the Intervenor Complaint.

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Intervenor Complaint and therefore denies the same.

21. Defendant lacks knowledge and information sufficient to form a belief as to accuracy of the definition that McGaha assigns to his purported beliefs and therefore denies the same.

22. Defendant admits that during McGaha's employment, the prayer portion of its daily meetings, and the meetings themselves, varied in length. Except as admitted herein, the allegations in Paragraph 22 of the Intervenor Complaint are denied.

23. Defendant admits that during McGaha's employment, the prayer portion of its daily meetings, and the meetings themselves, varied in length. Except as admitted herein, the allegations in Paragraph 23 of the Intervenor Complaint are denied.

## COUNT I:
### Failure to Provide Religious Accommodation in Violation of Title VII

24. All responses contained in Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. The allegations in Paragraph 25 of the Intervenor Complaint are denied.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Intervenor Complaint and therefore denies the same.

27. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Intervenor Complaint and therefore denies the same.

28. Defendant denies that the prayer portion of its daily meetings conflicted with any employee's beliefs because the prayer portion was voluntary. Further, Defendant lacks knowledge and information sufficient to form a belief as to the sincerity of any of McGaha's beliefs and therefore denies all remaining allegations in Paragraph 28 of the Intervenor Complaint.

29. Defendant admits that McGaha voluntarily attended the prayer portion of its daily meetings. Defendant denies that the prayer portion of its daily meetings grew more religious or extended in length. Further, Defendant lacks knowledge and information sufficient to form a belief as to whether McGaha grew intolerant of the prayer portions he voluntarily attended. Except as admitted herein, the allegations in Paragraph 29 of the Intervenor Complaint are denied.

30. Defendant denies that it specifically and/or without prompting or reason asked McGaha to lead a prayer. Except as admitted herein, the allegations in Paragraph 30 of the Intervenor Complaint are denied.

31. The allegations in Paragraph 31 of the Intervenor Complaint are denied.

32. The allegations in Paragraph 32 of the Intervenor Complaint are denied.

33. The allegations in Paragraph 33 of the Intervenor Complaint are denied.

34. Defendant denies that it failed to offer McGaha any accommodation upon request or failed to provide alternatives to not attending the voluntary prayer portion of the meetings. Except as admitted herein, the allegations in Paragraph 34 of the Intervenor Complaint are denied.

35. Defendant admits that on September 4, 2020, McGaha loudly interrupted its owner's prayer and objected to the fact that the owner was the one reading it but did not object to the Christian portion of the meeting. Except as admitted herein, the allegations in Paragraph 35 of the Intervenor Complaint are denied.

36. Defendant denies that McGaha submitted a request for a religious accommodation. Further, Defendant admits that its owner informed McGaha that he was not required to believe in God and that employees did not have to attend the prayer portion of the daily meetings. Defendant admits that it told McGaha that he had to participate in the business portions of the daily meetings. Furthermore, it was expected for those who voluntarily participated in the prayer portion to do so in a non-combative and respectful manner. Except as admitted herein, the allegations in Paragraph 36 of the Intervenor Complaint are denied.

37. Defendant denies the implication that McGaha was terminated for refusing to participate in the voluntary prayer portion of a daily meeting, but admits that McGaha's employment ended. Except as admitted herein, the allegations in Paragraph 37 of the Intervenor Complaint are denied.

38. The allegations in Paragraph 38 of the Intervenor Complaint are denied.

39. The allegations in Paragraph 39 of the Intervenor Complaint are denied.

40. The allegations in Paragraph 40 of the Intervenor Complaint are denied.

41. The allegations in Paragraph 41 of the Intervenor Complaint are denied.

## COUNT II:
### Discriminatory Discharge in Violation of Title VII

42. All responses contained in Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43. Defendant admits that McGaha's employment ended on or about September 4, 2020. Except as admitted herein, Defendant denies the remaining allegations and inferences of unlawful conduct contained in Paragraph 43 of the Intervenor Complaint

44. The allegations in Paragraph 44 of the Intervenor Complaint are denied.

45. The allegations in Paragraph 45 of the Intervenor Complaint are denied.

46. The allegations in Paragraph 46 of the Intervenor Complaint are denied.

47. The allegations in Paragraph 47 of the Intervenor Complaint are denied.

48. The allegations in Paragraph 48 of the Intervenor Complaint are denied.

49. The allegations in Paragraph 49 of the Intervenor Complaint are denied.

## COUNT III:
### Hostile Work Environment Based on Religion in Violation of Title VII

50. All responses contained in Paragraphs 1 through 49 are re-alleged and incorporated herein by reference.

51. The allegations in Paragraph 51 of the Intervenor Complaint are denied.

52. The allegations in Paragraph 52 of the Intervenor Complaint are denied.

53. The allegations in Paragraph 53 of the Intervenor Complaint are denied.

54. Defendant denies that the prayer portion of its daily meetings lasted forty-five minutes. Further, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of McGaha's recollection and therefore denies the remaining allegations in Paragraph 54 of the Intervenor Complaint.

55. Defendant admits that prayer requests for and by individual employees were honored. Except as admitted herein, the allegations in Paragraph 55 of the Intervenor Complaint are denied.

56. The allegations in Paragraph 56 of the Intervenor Complaint are denied.

57. Upon information and belief, Defendant's owner does not have a reputation around the office of being short-tempered and confrontational. Defendant denies the remaining allegations in Paragraph 57 of the Intervenor Complaint.

58. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of McGaha's attempts to avoid the voluntary prayer portion of its daily meetings and therefore denies the allegations in Paragraph 58 of the Intervenor Complaint.

59. Defendant admits that on or about his last day of employment, McGaha objected in a disruptive, inappropriate, unprofessional, and uncordial manner to the person leading the voluntary prayer portion of its daily meetings. Except as admitted herein, the allegations in Paragraph 59 of the Intervenor Complaint are denied.

60. Defendant denies that its employees were required to attend the voluntary prayer portion of its daily meetings. Defendant admits that those who were present for the voluntary prayer portion of the meeting were required to remain respectful. Defendant further admits that employees were paid while attending the daily meetings, inclusive of

the voluntary prayer portion, and while participating, were required to be professional in their participation including remaining quiet while others spoke, respectful and non-disruptive. Except as admitted herein, the allegations in Paragraph 60 of the Intervenor Complaint are denied.

61. The allegations in Paragraph 61 of the Intervenor Complaint are denied.

62. The allegations in Paragraph 62 of the Intervenor Complaint are denied.

63. The allegations in Paragraph 63 of the Intervenor Complaint are denied.

64. The allegations in Paragraph 64 of the Intervenor Complaint are denied.

65. The allegations in Paragraph 65 of the Intervenor Complaint are denied.

66. The allegations in Paragraph 66 of the Intervenor Complaint are denied.

## COUNT IV:
**Retaliatory Reduction in Wages in Violation of Title VII**

67. All responses contained in Paragraphs 1 through 66 are re-alleged and incorporated herein by reference.

68. The allegations in Paragraph 68 of the Intervenor Complaint are denied.

69. The allegations in Paragraph 69 of the Intervenor Complaint are denied.

70. The allegations in Paragraph 70 of the Intervenor Complaint are denied.

71. Defendant admits that it reduced McGaha's wages pursuant to an agreement with McGaha to pay back commissions that McGaha inappropriately credited to himself. Except as admitted herein, the allegations in Paragraph 71 of the Intervenor Complaint are denied.

72. Defendant admits that it withheld the unearned and inappropriately credited commission payments which resulted in an improper pay advance to McGaha. Except as admitted herein, the allegations in Paragraph 72 of the Intervenor Complaint are denied.

73. The allegations in Paragraph 73 of the Intervenor Complaint are denied.

74. The allegations in Paragraph 74 of the Intervenor Complaint are denied.

75. The allegations in Paragraph 75 of the Intervenor Complaint are denied.

76. The allegations in Paragraph 76 of the Intervenor Complaint are denied.

77. The allegations in Paragraph 77 of the Intervenor Complaint are denied.

## COUNT V:
## Retaliatory Discharge in Violation of Title VII

78. All responses contained in Paragraphs 1 through 77 are re-alleged and incorporated herein by reference.

79. Defendant admits that McGaha's employment ended on or about September 4, 2020. Except as admitted herein, the allegations in Paragraph 79 of the Intervenor Complaint are denied.

80. The allegations in Paragraph 80 of the Intervenor Complaint are denied.

81. Defendant admits that McGaha's employment ended on or about September 4, 2020. Except as admitted herein, the allegations in Paragraph 81 of the Intervenor Complaint are denied.

82. The allegations in Paragraph 82 of the Intervenor Complaint are denied.

83. The allegations in Paragraph 83 of the Intervenor Complaint are denied.

84. The allegations in Paragraph 84 of the Intervenor Complaint are denied.

85. The allegations in Paragraph 85 of the Intervenor Complaint are denied.

## FURTHER DENIAL

Defendant expressly denies all other allegations of the Intervenor Complaint not otherwise responded to above. Defendant further denies that McGaha is entitled to any of the relief requested in the Intervenor Complaint.

## DEFENSES

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, some defenses to the claim or claims made in the Complaint may be asserted alternatively and, in some cases, hypothetically, regardless of their consistency, and these defenses are based on both legal and equitable grounds. As the facts related to the parties' claims and defenses are fully developed through discovery, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the applicable rules and case management order.

## FIRST DEFENSE

The Intervenor Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted by this Court.

## SECOND DEFENSE

The Intervenor Complaint should be dismissed to the extent it fails to contain a short and plain statement of the claim and a demand for relief as required by Rule 8(a) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent McGaha failed to file a timely administrative complaint and/or failed to comply with other applicable jurisdictional prerequisites to the filing of a civil lawsuit.

## FOURTH DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent the issues and allegations in the Intervenor Complaint exceed the scope of any applicable administrative proceedings.

## FIFTH DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent the issues and allegations in the Intervenor Complaint are not reasonably related to the allegations in any applicable administrative proceedings initiated by McGaha.

## SIXTH DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent any applicable administrative agency failed to comply with its procedures for processing McGaha's administrative complaint.

## SEVENTH DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent McGaha failed to exhaust all of his administrative remedies.

## EIGHTH DEFENSE

The claims in the Intervenor Complaint are barred in whole or in part to the extent McGaha failed to comply with all conditions precedent to the institution of this civil action.

## NINTH DEFENSE

The claims in the Intervenor Complaint are barred by the applicable statute(s) of limitations to the extent those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

## TENTH DEFENSE

The claims in the Intervenor Complaint are barred to the extent Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior, and McGaha unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid harm.

## ELEVENTH DEFENSE

To the extent Defendant engaged in any adverse employment actions with respect to McGaha such actions were based upon legitimate non-discriminatory business reasons.

## TWELFTH DEFENSE

To the extent Intervenor establishes that his religious beliefs or other protected characteristics or engagement in protected activity were motivating factors in any employment decision made by Defendant (which is denied), the claims in the Intervenor Complaint are nonetheless barred as Defendant would have made the same decision in the absence of any impermissible motivating factor.

## THIRTEENTH DEFENSE

Any claim for compensatory damages is barred in whole or in part to the extent McGaha failed to exercise reasonable diligence to mitigate his damages.

## FOURTEENTH DEFENSE

The claims in the Intervenor Complaint are barred to the extent the doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

## FIFTEENTH DEFENSE

The claims in the Intervenor Complaint are barred to the extent there was no causal connection between the events alleged in the Complaint and any damages McGaha allegedly sustained.

## SIXTEENTH DEFENSE

Any claims for compensatory and punitive damages are subject to and limited by the applicable provisions of 42 U.S.C. § 1981a(b).

## SEVENTEENTH DEFENSE

Defendant's conduct and actions were, at all times, undertaken in good faith and without malice or ill-will toward McGaha.

## EIGHTEENTH DEFENSE

Any claim for punitive damages is barred because Defendant did not engage in discriminatory practices with malice or reckless indifference to the rights of McGaha.

## NINETEENTH DEFENSE

Any claim for punitive damages is barred to the extent that any wrongful conduct was contrary to Defendant's good faith efforts to comply with applicable law and statutes. At all times material to this action, Defendant acted in good faith, including but not limited to, implementing and maintaining adequate policies, practices, and procedures to prevent

and remedy unlawful discrimination in the workplace, and did nothing that would justify an award of punitive damages.

## TWENTIETH DEFENSE

Any claim for punitive damages is limited by and subject to the applicable provisions of the Constitution of the United States and the North Carolina State Constitution.

## TWENTY-FIRST DEFENSE

McGaha's claims should be denied to the extent McGaha failed to engage in protected activity.

## TWENTY-SECOND DEFENSE

McGaha's claims should be denied to the extent there was not causal link between any alleged protective activity and adverse employment action.

## TWENTY-THIRD DEFENSE

McGaha's claims should be denied to the extent that McGaha did not request a reasonable accommodation and/or failed to engage in the interactive process regarding available accommodations.

## TWENTY-FOURTH DEFENSE

McGaha's claims should be denied to the extent that Defendant was unaware of McGaha's religious beliefs, or lack thereof, and his objection to any prayer portion (wholly voluntary) of the daily meetings, or any requests for accommodation.

## TWENTY-FIFTH DEFENSE

McGaha's claims should be denied to the extent that McGaha did not find any prayer portion of the daily meetings to be unwelcome.

## TWENTY-SIXTH DEFENSE

In the event that investigation or discovery reveals additional conduct by McGaha that would have caused Defendant to terminate his employment for cause, Defendant will rely upon that after-acquired evidence as a limitation upon Intervenor's damages.

## RESERVATION OF RIGHTS

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to the Intervenor Complaint to state such other affirmative and additional defenses and/or to otherwise supplement this Answer to the Intervenor Complaint upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, having fully answered the allegations in the Intervenor Complaint, Defendant respectfully prays that:

1. Intervenor have and recover nothing of Defendant, and that he not be afforded any form of legal or equitable relief;

2. The Court dismiss the Intervenor's claims with prejudice;

3. The Court require Intervenor to pay to Defendant its costs and expenses, including reasonable attorneys' fees, incurred in the defense of this action; and

The Court award to Defendant such other and further relief as the Court deems just and proper.

This the 12th day of October, 2022.

/s/ Kristine M. Sims
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
J. Rodrigo Pocasangre
NC State Bar No. 41530
Email: rpocasangre@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **DEFENDANT'S ANSWER TO INTERVENOR COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 12th day of October, 2022.

/s/ Kristine M. Sims
Kristine M. Sims
NC State Bar No. 26903
Email: ksims@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendant*

8417849v1