# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION, )<br>)<br>        Plaintiff, )<br>)<br>JOHN MCGAHA, )<br>)<br>        Intervenor, )<br>)<br>        v. )<br>)<br>AURORA RENOVATIONS AND )<br>DEVELOPMENTS, LLC d/b/a )<br>AURORA PRO SERVICES, )<br>)<br>        Defendant. ) | 1:22CV490 |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Thereafter, John McGaha ("Plaintiff Intervenor McGaha") intervened, through counsel, alleging violations of Title VII. The Commission's complaint alleges Defendant, Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services ("Defendant"), created a religiously hostile work environment by requiring Plaintiff Intervenor McGaha (Atheist) and Mackenzie Saunders ("Ms. Saunders") (Agnostic) to attend daily Christian prayer meetings ("prayer meetings") as a condition of their employment. The Commission and Plaintiff Intervenor McGaha allege that when he requested to be excused from the daily prayer meetings, Defendant failed to accommodate his religious beliefs (Atheist)

and retaliated against him by reducing his wages. The Commission further alleges that Defendant ultimately terminated the employment of both Plaintiff Intervenor McGaha and Ms. Saunders on the basis of their religious beliefs, Atheist and Agnostic respectively, and in retaliation for their opposition to the prayer meetings.

Defendant denied the allegations of having engaged in any violations of Title VII in relation to either Plaintiff Intervenor McGaha or Ms. Saunders and denies that it engaged in either discriminatory or retaliatory actions.

The Commission, Plaintiff Intervenor McGaha, and Defendant ("the parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of the Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below. Therefore, it is **ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1:22-cv-00490-LCB-JLW, as well as in EEOC Charge No. 430-2021-00197 filed by Plaintiff Intervenor McGaha and EEOC Charge No. 435-2021-00267 filed by Ms. Saunders.

2. The purpose and provisions of Title VII will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

4. Defendant shall not contest the validity of this Consent Decree, the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or the right of the EEOC to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree by Defendant.

## I. INJUNCTIVE RELIEF

5. Defendant is enjoined from requiring its employees to attend religious activities, including but not limited to scripture readings and prayer sessions as a condition of his or her employment.

6. Defendant is enjoined from taking any adverse employment action against a worker on the basis of his or her religious or spiritual beliefs.

7. Defendant is enjoined from permitting harassment based on religion and from creating, maintaining, or allowing a religiously hostile work environment.

8. Defendant is enjoined from discriminating or retaliating against any employee because of the employee's opposition to a practice made unlawful under Title VII.

## II. MONETARY RELIEF

9. Defendant shall pay Plaintiff Intervenor McGaha Thirty-Seven Thousand Five Hundred and 00/100s Dollars ($37,500.00) ("McGaha Settlement Payment") in settlement of his individual allegations arising from civil action, *Equal Employment Opportunity Commission, et al. v. Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services*, Civil Action No.: 1:22-cv-00490-LCB-JLW, and of EEOC Charge No. 430-2021-00197 filed by Plaintiff Intervenor McGaha. The Settlement Payment is allocated as follows: Sixteen Thousand One Hundred Seventy-Two Dollars and 83/100s Dollars ($16,172.83) for attorney's fees and cost, One Thousand and 00/100 Dollars ($1,000.00) in back pay for lost wages subject to applicable withholdings and payable on a W-2, and Twenty Thousand, Three Hundred Twenty-Seven and 17/100s Dollars ($20,327.17) for non-pecuniary compensatory damages not subject to withholdings and payable on a 1099, and for which Plaintiff Intervenor McGaha agrees to indemnify Defendant for any claims for taxes which may be made by any taxing agency. Plaintiff Intervenor McGaha specifically acknowledges he is not relying on Defendant or its attorneys for any tax implication which may arise from this payment The McGaha Settlement Payment, which the parties to this Agreement understand shall be made in separate checks, constitutes a debt owed to and collectable by the United States of America and the United States is entitled to collect such debt if payment is not made in accordance with this Consent Decree. Defendant shall pay Plaintiff Intervenor McGaha in accordance with the following payment schedule:

    A. Within Thirty (30) days of the entry of this Consent Decree, Defendant shall pay to Plaintiff Intervenor McGaha the sum of Twelve Thousand Five Hundred and 00/100s Dollars ($12,500.00), which is inclusive of his One Thousand and 00/100 Dollars ($1,000.00) backpay. Defendant shall make such payment payable to "John

4

McGaha" and shall mail such payment to Plaintiff Intervenor McGaha at an address provided by his counsel.

B. On or before December 31, 2023, Defendant shall pay to Plaintiff Intervenor McGaha, the sum of Twenty-Five Thousand and 00/100s Dollars ($25,000.00), which reflects the remainder of the McGaha Settlement Payment. Defendant shall make this payment by issuing a check payable to "Spielberger Law Group Trust Account" and sent to counsel for Plaintiff Intervenor McGaha, Gary Martoccio, and shall mail the check to Spielberger Law Firm at an address provided by Plaintiff Intervenor McGaha's counsel, where these funds shall be held in trust. Upon deduction of Plaintiff Intervenor McGaha's attorney's fees and costs, counsel for Plaintiff Intervenor McGaha shall release the remaining funds to Plaintiff Intervenor McGaha.

10. Within Thirty (30) days of the entry of this Consent Decree, Defendant shall pay to Ms. Saunders the total sum of, Twelve Thousand Five Hundred and 00/100s Dollars ($12,500.00) ("Saunders Settlement Payment") in settlement of her individual allegations arising from civil action, *Equal Employment Opportunity Commission, et al. v. Aurora Renovations and Developments, LLC d/b/a Aurora Pro Services*, Civil Action No.: 1:22-cv-00490-LCB-JLW, and of EEOC Charge No. 435-2021-00267 filed by Ms. Saunders. The Saunders Settlement Pay shall be allocated as follows: One Thousand and 00/100 Dollars ($1,000.00) in back pay for lost wages, subject to applicable withholdings and payable on a W-2 and Eleven Thousand Five Hundred and 00/100 Dollars ($11,500.00) for non-pecuniary compensatory damages not subject to withholdings and payable on a 1099. The Saunders Settlement Payment, which

the parties to this Agreement understand shall be made in separate checks, constitutes a debt owed to and collectable by the United States of America and the United States is entitled to collect such debt if payment is not made in accordance with this Consent Decree. Defendant shall make payment by issuing such payment payable to "Mackenzie Saunders" and shall mail such payment to Mackenzie Saunders at an address provided by the Commission.

11. Within ten (10) days of making each of the Settlement Payments to Plaintiff Intervenor McGaha and Ms. Saunders as detailed above, Defendant shall provide the Commission with a copy of the checks and proof of delivery.

12. As the Commission may be required to issue a Form 1098-F in connection with payments made under this Consent Decree, counsel for the Defendant shall provide the following information to counsel for the EEOC within five (5) business days of entry of this Consent Decree: (1) Defendant's EIN and (2) the name and physical address of the person to whom a copy of the Form 1098-F should be directed. The identified individual must be an employee of Defendant.

The Commission has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## III. NON-MONETARY RELIEF

13. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from its personnel records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge No. 430-2021-00197 filed by Plaintiff Intervenor McGaha and EEOC Charge No. 435-2021-00267 filed by Ms. Saunders and the related events that occurred thereafter, including this litigation. Within five (5) business days of the elimination of this information from the personnel records, Defendant shall notify the Commission of compliance with this paragraph.

14. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall delete all references in its personnel records that Plaintiff Intervenor McGaha and Ms. Saunders were involuntarily removed from employment or terminated. Defendant shall revise its personnel records to show that Plaintiff Intervenor McGaha and Ms. Saunders separated from their employment with Defendant and that Plaintiff Intervenor McGaha and Ms. Saunders shall be provided a neutral reference inclusive only of dates of employment and position held. If Defendant receives any verbal reference requests, including questions inquiring whether Plaintiff Intervenor McGaha and Ms. Saunders are eligible for rehire, Defendant will only provide the information contained in the neutral reference letter. Within five (5) days of changing the references in its personnel records, Defendant shall notify the Commission of compliance with this paragraph.

15. Within ten (10) business days of the entry of this Consent Decree, Defendant shall provide Plaintiff Intervenor McGaha and Ms. Saunders with a neutral letter of reference

using the form attached hereto as Exhibit A. The original, signed letter of reference shall be provided to Plaintiff Intervenor McGaha and Ms. Saunders by mail, via a tracked delivery service, at an address provided by the Commission. Plaintiff Intervenor McGaha and Ms. Saunders shall be free to disseminate the letter to potential employers. If Defendant receives an inquiry about Plaintiff Intervenor McGaha or Ms. Saunders from a potential employer, Defendant will provide only the information set forth in the letter of reference in response. Within five (5) business days of providing the letter of reference to Plaintiff Intervenor McGaha and Ms. Saunders, Defendant shall notify the Commission of compliance with this paragraph.

16. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall amend and implement its written anti-harassment policy to incorporate the requirements of this paragraph; update its employee handbook and other policies so that they incorporate and are consistent with the amended anti-harassment policy; distribute copies of the amended anti-harassment policy to all employees, including managers, supervisors and human resource professionals; and provide the Commission with written confirmation that this requirement has been satisfied.

Defendant's employee handbook and anti-harassment policy shall be amended to include the following:

    a. An explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religion-based discrimination, religion-based harassment, and retaliation;

    b. Notice that harassing comments or conduct will not be tolerated by any employee (including management-level employees), and that such comments or conduct can and will lead to disciplinary action of employees (including

8

management-level employees), up to an including termination of employment without the opportunity for rehire;

c. Notice that employees may report harassment to any manager, human resources employee, or corporate officer (hereinafter "Reporting Officials" for the purpose of this Consent Decree) at any time;

d. Notice that employees may contact the Commission or inform Defendant that the employee intends to contact the Commission without fear of retaliation;

e. A requirement that Reporting Officials shall document all verbal or written complaints and/or other information they receive that indicate harassment or discrimination based on religion, and any conduct they observe of possible harassment or discrimination based on religion;

f. Confirmation that Defendant will thoroughly and promptly investigate all complaints of harassment and/or discrimination;

g. A procedure for prompt commencement of an investigation following receipt of a religious discrimination or harassment complaint and for appropriate remedial action, including disciplinary action up to and including termination of employment without the opportunity for rehire;

h. Notice that if Defendant finds an employee or manager engaged in or permitted religious harassment and/or discrimination in the workplace, Defendant will take remedial action and appropriate disciplinary action up to and including termination of employment without the opportunity for rehire.

i. Notice that Defendant will not tolerate retaliation by any manager or supervisor toward the victim of unlawful discrimination or harassment, any employee who reported discrimination or harassment, or any person who provided information or otherwise participated in any investigation into allegations of discrimination and harassment, and that any such retaliation will result in disciplinary action, up to and including termination of employment without the opportunity for rehire; and

j. Notice that any Reporting Official who permits discrimination or harassment to occur, fails to report discrimination or harassment, or fails to implement measures outlined in the anti-discrimination policy to remedy discrimination or harassment shall be disciplined, up to and including termination of employment, and that if the Reporting Official is not discharged, a record of such discipline will be placed permanently in his or her personnel file.

9

Implementation of this revised anti-harassment policy means that Defendant shall distribute the revised policy to all current employees within the aforementioned forty-five (45) day period. In addition, during the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire or during orientation.

17. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall implement a specific written religious accommodation policy, separate from the "Commitment to Diversity" section of the employee handbook, to incorporate the requirements of this paragraph; update its employee handbook and other policies so that they incorporate and are consistent with the newly implemented religious accommodation policy; distribute copies of the religious accommodation policy to all employees, including managers, supervisors and human resource professionals; and provide the Commission with written confirmation that this requirement has been satisfied.

Defendant's religious accommodation policy shall include the following:

a. An explanation of the requirements of Title VII, which requires accommodation of sincerely held religious beliefs which conflict with company policies absent undue hardship;

b. Procedures for applicants and employees to request a religious accommodation;

c. Procedures which Defendant will follow to consider and respond to an applicant or employee's request for religious accommodation;

d. Procedures by which Defendant will notify employees, in writing, of decisions made related to their religious accommodation requests;

e. Notice that employees may report religious discrimination to any manager, human resources employee, or corporate officer (hereinafter "Reporting Officials") at any time;

    f.      Identification of how employees may make a report of religious discrimination, including contact information;

    g.      A requirement that Reporting Officials shall document all verbal or written complaints and/or other information they receive, and any conduct they observe of possible religious discrimination;

    h.      Confirmation that Defendant will thoroughly and promptly investigate all complaints of religious discrimination;

    i.      A procedure for prompt commencement of an investigation following receipt of a religious discrimination complaint and for appropriate remedial action, including disciplinary action up to and including termination of employment without the opportunity to rehire;

    j.      Notice that if Defendant finds an employee or manager engaged in or permitted religious discrimination in the workplace, Defendant will take remedial action and appropriate disciplinary action up to and including termination of employment without the opportunity for rehire.

    k.      Notice that any Reporting Official who permits religious discrimination to occur, fails to report religious discrimination, or fails to implement measures outlined in the anti-discrimination policy to remedy religious discrimination shall be disciplined, up to and including termination of employment, and that if the Reporting Official is not discharged, a record of such discipline will be placed permanently in his or her personnel file.

Implementation of this religious accommodation policy means that Defendant shall distribute the policy to all current employees within the aforementioned forty-five (45) day period. In addition, during the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire or during orientation.

    18.    During the term of this Consent Decree, Defendant shall post copies of their anti-harassment and religious accommodation policies in all of their business locations in places where it is visible to all employees. If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Defendant shall

report compliance with this paragraph to the Commission within sixty (60) days of the entry of this Consent Decree.

19. <u>Training – non-managerial employees.</u>  During the term of this Consent Decree, Defendants shall provide an annual training program of at least one (1) hour to all non-managerial employees for which the employees are paid at their usual hourly rate or salary. Each training program shall include an explanation of:

    a. Title VII's prohibition against harassment and discrimination based upon race, color, religion, sex, or national origin;

    b. Title VII's prohibition against retaliation for engaging in activity protected by the statute;

    c. Title VII's prohibition against religious discrimination and requirement for the accommodation of sincerely held religious beliefs in the workplace;

    d. Types of comments or conduct that may constitute religious harassment, religious discrimination, and/or retaliation with examples;

    e. The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

    f. Defendant's amended anti-harassment policy, including to whom and how to report discrimination and/or harassment;

    g. Defendant's religious accommodation policy, including how religious accommodations are requested and reviewed; and

    h. The rights of employees and responsibilities of Reporting Officials under Defendant's amended anti-harassment policy and religious accommodation policy.

20. The initial training for non-managerial employees shall occur within ninety (90) days after entry of this Consent Decree.  All new non-managerial employees hired during the term of this Consent Decree shall receive the training within thirty (30) days after hire.

12

Thereafter, all non-managerial employees shall receive the training at least annually, at approximately one-year intervals.

21. <u>Training – Reporting Officials, Human Resource, Supervisory and Managerial Employees.</u> During the term of this Consent Decree, Defendants shall provide a training program to all Reporting Officials, human resource, supervisory and managerial employees on an annual basis for which the employees are paid at their usual hourly rate or salary. Each training program shall be at least two (2) hours in length and include an explanation of:

a. Title VII's prohibition against harassment and discrimination based upon race, color, religion, sex, or national origin;

b. Title VII's prohibition against retaliation for engaging in activity protected by the statute;

c. Title VII's prohibition against religious discrimination and requirement for accommodation of sincerely held religious beliefs in the workplace;

d. An explanation, with examples, of comments or conduct that may constitute religious harassment, religious discrimination, and/or retaliation;

e. The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

f. An explanation of Defendant's amended anti-harassment policy;

g. An explanation of the rights of employees and responsibilities of management, supervisors, human resources, and Reporting Officials under Defendant's amended anti-harassment policy, including to whom and how to report discrimination and/or harassment;

h. Instruction on how to document and respond to reports or observations of harassment, discrimination, and retaliation in a prompt and effective manner;

i. The penalties a manager, supervisor, human resource representative, or Reporting Official may incur for failing to promptly and effectively document and respond to a report of harassment or discrimination;

j. The right of employees not to have their employment negatively impacted if they report harassment and discrimination to Defendant or to the Commission;

13

k. An explanation of Defendant's religious accommodation policy;

l. An explanation of the rights of employees and responsibilities of management, supervisors, human resources and Reporting Officials under the religious accommodation policy;

m. An explanation of the procedures and process by which employees can request religious accommodation and how Defendant will consider accommodation requests; and

n. The right of employees not to have their employment negatively impacted if they request religious accommodation, including examples of actions and conduct that could be considered retaliatory.

22. Defendant shall provide an initial live training to all Reporting Officials within ninety (90) days after the entry of this Consent Decree. All persons hired or promoted into a managerial, human resource, or Reporting Official position during the term of this Consent Decree shall receive training within thirty (30) days of the date of hire or promotion. Thereafter, all managers, human resource representatives, and Reporting Officials shall receive the training at least annually, at approximately one-year intervals.

23. <u>Training – Owner/President:</u> In year one of this Consent Decree, Defendant's Owner/President shall participate in a training program presented by a third-party vendor. This training program shall be at least four (4) hours in length and include an explanation of:

a. Title VII's prohibition against harassment and discrimination based upon race, color, religion, sex, or national origin;

b. Title VII's prohibition against retaliation for engaging in activity protected by the statute;

c. Title VII's prohibition against religious discrimination and requirement for accommodation of sincerely held religious beliefs in the workplace;

d. An explanation, with examples, of comments or conduct that may constitute religious harassment, religious discrimination, and/or retaliation; and

> e. The right of employees not to have their employment negatively impacted if they request religious accommodation.

The training should be conducted within ninety (90) days after the entry of this Consent Decree. Beginning in year two of this Consent Decree, the President/Owner must participate in the annual Reporting Officials training session.

24. At least fifteen (15) business days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail directed to [EEOC-CTDO-decree-monitoring@eeoc.gov](mailto:EEOC-CTDO-decree-monitoring@eeoc.gov). Defendant should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

25. Defendant shall require the attendance of every employee for the training programs. If an employee cannot attend, Defendants shall provide the training for that individual on an alternate date. Defendant may use a recording of the presentation in lieu of live training.

26. Defendant shall allow one or more attorney(s) from the Commission to attend any training programs required by this Consent Decree at the sole discretion of the Commission. The Commission shall provide notice at least ten (10) business days' notice of its intention to attend.

27. Within ten (10) business days after completion of each training program, Defendant shall provide written confirmation to the Commission that the training was completed, along with an attendance roster signed by each employee who received the training.

15

28. Beginning within thirty (30) days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Defendant shall report compliance with this posting requirement to the Commission within forty-five (45) days after the entry of this Consent Decree.

29. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval of this Consent Decree. The reports will include the following information:

   a. The identity of each employee who at any time during the reporting period complained verbally or in writing of religion-based comments or conduct:

      i. For each employee identified above, provide the employee's full name, last known address, telephone number and email address, state the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the employee complained, a detailed description of the conduct or comments complained of, and a detailed description of any action the Defendant took in response to the complaint;

      ii. For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.

   b. The identity of each employee who at any time during the reporting period requested a religious accommodation:

      i. For each employee identified above, provide the employee's full name, last known address, telephone number and email address, state the

16

        religious accommodation requested, the date of the religious accommodation request, whether the religious accommodation request was granted or denied, the identity of the individual who made the decision to grant or deny the religious accommodation request, and if the request was denied, why the request was denied;

    ii.    For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.

c.    The identity of each employee who at any time during the reporting period was discharged. For each employee identified, provide the employee's full name, last known address, telephone number and email address, state the reason why the employee was discharged, the date of the discharge, and the identity of the individual who made the discharge decision.

d.    Defendant shall provide the social security number of an individual identified in response to this paragraph within three (3) business days of a request by the Commission.

e.    In the event there is no activity to report, Defendant shall send the Commission a report stating that there has been no activity.

30.    Defendant shall provide prior written notice to any potential successor(s) of the existence and contents of this Consent Decree.

31.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect any of Defendant's locations, interview employees, and examine and copy documents related to violations of Title VII.

32.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten

(10) business days, or other period of time as may be agreed upon by them, in which to engage in negotiation regarding any alleged violation before the Commission initiates an enforcement proceeding. However, where the Commission believes that the violation presents an imminent threat to the health, safety, or welfare of one or more of Defendant's employees, the Commission retains the right to seek immediate intervention by the Court.

33. The term of this Consent Decree shall be for three (3) years from the date it was entered by the Court.

34. All notices by the Commission to Defendant pursuant to this Consent Decree shall be sent by electronic mail to Defendant's attorney, Kristine M. Sims (ksims@constangy.com). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

35. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov.

36. Each party shall bear its own costs and attorney's fees.

37. The Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree.

This, the 2nd day of August 2023.

/s/ Loretta C. Biggs
United States District Judge

The parties jointly request the Court approve and enter the Consent Decree

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **AURORA RENOVATIONS AND DEVELOPMENTS, LLC D/B/A AURORA PRO SERVICES** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street, NE
Washington, DC 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA DUGAS
Regional Attorney

YLDA KOPKA
Supervisory Trial Attorney

*/s/ Mary Katherine Littlejohn*
MARY KATHERINE LITTLEJOHN
Trial Attorney
NC State Bar No. 57582
mary.littlejohn@eeoc.gov
EEOC, Greenville Local Office 301
N. Main Street, Suite 1402
Greenville, South Carolina 29601
Telephone: (864) 565-0353
Facsimile: (704) 954-6412

GABRIEL O. MONDINO
Trial Attorney
LA State Bar No. 31514
gabriel.mondino@eeoc.gov
EEOC, Richmond Local Office
400 N. Eight Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412

**AURORA RENOVATIONS AND DEVELOPMENTS, LLC D/B/A AURORA PRO SERVICES**

*/s/Kristine M. Sims*
KRISTINE M. SIMS
NC State Bar No. 26903
ksims@constangy.com
J. Rodrigo Pocasangre
NC State Bar No. 41530
rpocasangre@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

COUNSEL FOR DEFENDANT

**INTERVENOR JOHN MCGAHA:**

*/s/Gary Martoccio*
GARY MARTOCCIO
NC State Bar No. 54125
gary.martoccio@spielbergerlawgroup.com
SPIELBERGER LAW GROUP
4890 W. Kennedy Blvd., STE. 950
Tampa, Florida 33609
Telephone: (800) 965-1570 EXT. 106
Facsimile: (866) 580-7499

19

20